UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WORLD WIDE MEDICAL TECHNOLOGIES, LLC, ADVANCED CARE PHARMACY, INC. GARY A. LAMOUREUX and RICHARD A. TERWILLIGER, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY D. BISCOTTI and NUCLEAR CONSULTANTS GROUP, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Docket No. 04-11619-NG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION AND RESERVATION OF RIGHTS**

Plaintiffs in this action, World Wide Medical Technologies, LLC ("WW"), Advanced Care Pharmacy, Inc. ("AVC"), Gary Lamoureux and Richard A. Terwilliger (collectively the "Plaintiffs") seek an extraordinary injunctive order from this Court despite the fact that *failed to file a memorandum of law in support of their motion*, as required by Federal Rule of Civil Procedure 7(b) and Rule 7.1(B) of the Local Rules for the United States District Court for the District of Massachusetts (the "Local Rules").  The Plaintiffs have also failed to certify that they have conferred in good faith with counsel for the Defendants as required by Local Rule 7.1(a)(2).

The Plaintiffs, moreover, have filed the Affidavit of Richard A. Terwilliger (the "Terwilliger Affidavit") under seal, which seal was ordered <u>ex</u> <u>parte</u> prior to service of process. The Terwilliger Affidavit has never been served upon the Defendants.  From the Plaintiffs' insubstantial, one-page motion, it is apparent that the Terwilliger Affidavit contains the mass of allegations to which the Plaintiffs' motion relate.  Without the opportunity to review the specific

allegations contained in the Terwilliger Affidavit or the specific allegations and arguments which should have been contained in a memorandum of law, the Defendants have absolutely no way to effectively oppose the Motion for Injunctive Relief.

The Plaintiffs, moreover, state in their motion that they "rely on the Complaint, the Affidavits of Richard Terwilliger and Charles N. Jacobs and a Memorandum of Law to be filed with this Court." The Defendants again point out that this "motion" fails to comply in any way with the Federal Rules of Civil Procedure and the Local Rules governing motion practice. Even if the Defendants could somehow simply "rely" on other pleadings, they cannot rely on the Complaint, which is not verified. Further, as indicated above, the Affidavit of Richard Terwilliger has never been served on the Defendants. The Affidavit of Charles N. Jacobs, moreover, consists of little more than hearsay statements regarding what WW and ACP customers allegedly told to Mr. Jacobs, which this Court should strike. Finally, as indicated above, the Plaintiffs, despite having filed their motion on or about July 30, 2004, have never filed a memorandum of law in support of their motion.[1]

For all of the foregoing reasons, this Court should deny this baseless motion with prejudice. In the alternative, should the Court provide the Plaintiffs with the opportunity to re-file their motion with a proper memorandum of law, the Court should provide the defendants with a full and fair opportunity to oppose or otherwise respond to the motion.

---

[1] The Court should also deny the motion on substantive grounds as it seeks to effectively preclude the individual defendant Anthony D. Biscotti from any employment in the nuclear pharmacy and related industries, in which he has been employed for over ten years, ***despite the absence of a non-competition non-solicitation or other restrictive contract***. Plaintiffs also seek to effectively shut down Mr. Biscotti's fledgling business, the defendant Nuclear Consultants Group, Inc. ("NCG") on the basis of their misguided contention that NCG has or is utilizing the Plaintiffs' "trade secrets" to compete with it or is infringing on a patent allegedly held by the Defendants. ***The Plaintiffs, in moving for this relief, seek to stifle legitimate competition in the development and delivery of desperately needed treatments to cancer patients***. The Court should deny the Plaintiffs' motion with prejudice. Defendants reserve the right to fully oppose this motion should the Court deny the Plaintiffs' motion without prejudice or otherwise allow the Plaintiffs to properly file or re-file their motion.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion For Injunctive Relief should be denied.

        Respectfully Submitted,

        ANTHONY D. BISCOTTI and
        NUCLEAR CONSULTANTS
        GROUP, INC.

        By their attorneys,


        _____/S/    John F. Tocci_____
        John F. Tocci, Esq., BBO# 562139
        Tocci, Goss & Lee, P.C.
        35 India Street, 5th Floor
        Boston, MA  02110
        (617) 542-6000

Dated: February 11, 2005