UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WORLD WIDE MEDICAL TECHNOLOGIES, LLC, ADVANCED CARE PHARMACY, INC. GARY A. LAMOUREUX and RICHARD A. TERWILLIGER, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY D. BISCOTTI and NUCLEAR CONSULTANTS GROUP, INC., <br><br> Defendants. | Docket No. 04-11619-NG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO PRESERVE ELECTRONIC AND DIGITAL INFORMATION**

Plaintiffs in this action, World Wide Medical Technologies, LLC ("WW"), Advanced Care Pharmacy, Inc. ("AVC"), Gary Lamoureux and Richard A. Terwilliger (collectively the "Plaintiffs") have filed an "emergency" motion for the preservation of evidence despite the fact that ***they have failed to file a memorandum of law in support of their motion***, as required by Federal Rule of Civil Procedure 7(b) and Rule 7.1(B) of the Local Rules for the United States District Court for the District of Massachusetts (the "Local Rules"). The Plaintiff's have also failed to certify that they have conferred in good faith with counsel for the Defendants as required by Local Rule 7.1(a)(2).

The Plaintiffs motion should also be denied because the Plaintiffs have completely failed to offer any justification for the requested order. They seek this order on the sole contention that "electronic and digital evidence is easily and routinely deleted." They point to no action or

inaction of the Defendants to justify their motion and ignore the fact that most evidence – digital or non-digital – is easily destroyed. Such an order is completely unnecessary because the parties are aware of the nature of the claims in this case and have an obligation to preserve evidence. A party's failure to preserve evidence may subject that party to sanctions including, in exceptional circumstances, the entry of judgment against the party allowing spoliation. <u>Marrocco v. General Motors Corp.</u>, 966 F.2d 220 (7th Cir. 1992); <u>see</u> <u>also</u> <u>Headley v. Chrysler Motors Corp</u>, 141 F.R.D. 362 (D. Mass. 1992) (Party allowing spoilation of evidence precluded from offering expert testimony by the Court.).

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion should be denied.

Respectfully Submitted,

ANTHONY D. BISCOTTI and
NUCLEAR CONSULTANTS
GROUP, INC.

By their attorneys,

      /S/    John F. Tocci
John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, P.C.
35 India Street, 5th Floor
Boston, MA  02110
(617) 542-6000

Dated: February 11, 2005