UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORLD WIDE MEDICAL
TECHNOLOGIES, LLC, ADVANCED
CARE PHARMACY, INC., GARY A.
LAMOUREUX AND RICHARD A.
TERWILLIGER
    Plaintiffs,

v.

ANTHONY D. BISCOTTI AND
NUCLEAR CONSULTANTS GROUP,
INC.
    Defendants.

Civil Action No. 04-11619-NG

## **PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs, and Defendants-in-Counterclaim, World Wide Medical Technologies, LLC ("World Wide"), Advanced Care Pharmacy, Inc. ("ACP"), Gary A. Lamoureux ("Lamoureux"), and Richard A. Terwilliger ("Terwilliger"), hereby reply to the Counterclaims propounded by Defendants, and Plaintiffs-in-Counterclaim, Nuclear Consultants Group, Inc. ("NCG") and Anthony D. Biscotti ("Biscotti") as follows:

### Nature of Case

1.     Paragraph 1 of the Counterclaim does not allege facts but merely sets forth the Plaintiffs-in-Counterclaim description of the nature of the case. Therefore, no response is required or necessary. To the extent that Paragraph 1 contains factual allegations, Defendants deny same.

### Jurisdiction

2.     Paragraph 2 of the Counterclaim contains a conclusion of law to which no response is required.

### Venue

3. Paragraph 3 of the Counterclaim contains a conclusion of law to which no response is required.

### Parties

4. Defendants-in-Counterclaim admit the allegations contained in Paragraph 4 of the Counterclaim.

5. Defendants-in-Counterclaim admit the allegations contained in Paragraph 5 of the Counterclaim.

6. Defendants-in-Counterclaim admit the allegations contained in Paragraph 6 of the Counterclaim, with the exception that the zip code is 06798.

7. Defendants-in-Counterclaim admit the allegations contained in Paragraph 7 of the Counterclaim.

### Facts

8. Defendants-in-Counterclaim are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaim.

9. Defendants-in-Counterclaim are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaim.

10. Defendants-in-Counterclaim are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaim.

11. Defendants-in-Counterclaim are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Counterclaim.

12. In responding to Paragraph 12 of the Counterclaim, Defendants-in-Counterclaim state that in February of 2002, World Wide began negotiations with Biscotti to establish a nuclear pharmacy facility in Massachusetts to produce and market World Wide's products, either through World Wide or a new company owned or controlled by World Wide. Defendants-in-Counterclaim deny the remaining allegations in Paragraph 12 of the Counterclaim.

13. Paragraph 13 of the Counterclaim makes no allegations requiring a response by Defendants-in-Counterclaim.

14. Paragraph 14 of the Counterclaim makes no allegations requiring a response by Defendants-in-Counterclaim.

15. Defendants-in-Counterclaim deny the allegations contained in Paragraph 15 of the Counterclaim.

16. Responding to Paragraph 16 of the Counterclaim, Defendants-in-Counterclaim state that Biscotti indicated that his expertise focused on laboratory set-up, radiation safety training, facility licensure and personal management of drug compounding. Responding further, Biscotti stated that he had no training or knowledge in the field of brachytherapy and radioactive seeds. Based on Biscotti's experience in this area, World Wide stated that they would like to work with him and train him to open and operate a nuclear pharmacy to produce World Wide's products in Massachusetts.

Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 16 of the Counterclaim.

17. In responding to Paragraph 17 of the Counterclaim, Defendants-in-Counterclaim state that they have no knowledge or information as to when Biscotti left Syncor International Corp. Responding further, Defendants-in-Counterclaim admit that Biscotti began working for World Wide in early 2002.

18. Defendants-in-Counterclaim are without sufficient or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Counterclaim.

19. Defendants-in-Counterclaim deny the allegations contained in Paragraph 19 of the Counterclaim.

20. In responding to Paragraph 20 of the Counterclaim, Defendants-in-Counterclaim state that during his visits to World Wide's headquarters in Connecticut, Biscotti was given an extensive tour of World Wide's manufacturing facility.

21. Defendants-in-Counterclaim deny the allegations contained in Paragraph 21 of the Counterclaim.

22. Defendants-in-Counterclaim deny the allegations contained in Paragraph 22 of the Counterclaim.

23. In responding to Paragraph 23 of the Counterclaim, Defendants-in-Counterclaim state that initially, Biscotti worked for World Wide and then worked for ACP. Responding further, Defendants-in-Counterclaim admit the remaining allegations contained in Paragraph 23 of the Counterclaim.

24. Defendants-in-Counterclaim deny the allegations contained in Paragraph 24 of the Counterclaim.

25. In responding to Paragraph 25 of the Counterclaim, Defendants-in-Counterclaim state that Biscotti made a $20,000.00 capital contribution to be held in escrow pending the execution of a shareholder agreement for ACP. Lamoureux subsequently submitted several proposals to Biscotti whereby Biscotti would become a shareholder in ACP. In this regard, at considerable expense, World Wide circulated several proposals that were marked up and edited by Biscotti and his attorneys. Notwithstanding these efforts, Biscotti never signed a stockholder's agreement with ACP, and never became a shareholder.

26. Defendants-in-Counterclaim deny the allegations contained in Paragraph 26 of the Counterclaim.

27. In responding to Paragraph 27 of the Counterclaim, Defendants-in-Counterclaim state that World Wide made the decision to call the new company Advanced Care Pharmacy, Inc.

28. Defendants-in-Counterclaim deny the allegations contained in Paragraph 28 of the Counterclaim.

29. Defendants-in-Counterclaim deny the allegations contained in Paragraph 29 of the Counterclaim.

30. Defendants-in-Counterclaim admit the allegations contained in Paragraph 30 of the Counterclaim.

31. Defendants-in-Counterclaim deny the allegations contained in Paragraph 31 of the Counterclaim.

32. Defendants-in-Counterclaim admit the allegations contained in Paragraph 32 of the Counterclaim.

33. Defendants-in-Counterclaim deny the allegations contained in Paragraph 33 of the Counterclaim.

34. Defendants-in-Counterclaim deny the allegations contained in Paragraph 34 of the Counterclaim.

35. Defendants-in-Counterclaim deny the allegations contained in Paragraph 35 of the Counterclaim.

36. Defendants-in-Counterclaim deny the allegations contained in Paragraph 36 of the Counterclaim.

37. Defendants-in-Counterclaim deny the allegations contained in Paragraph 37 of the Counterclaim.

38. Defendants-in-Counterclaim deny the allegations contained in Paragraph 38 of the Counterclaim.

39. Defendants-in-Counterclaim deny the allegations contained in Paragraph 39 of the Counterclaim.

40. In response to Paragraph 40 of the Counterclaim, Defendants-in-Counterclaim admit that the parties' relationship deteriorated but state that it was due to Biscotti's failures.

41. Defendants-in-Counterclaim deny the allegations contained in Paragraph 41 of the Counterclaim.

42. Defendants-in-Counterclaim deny the allegations contained in Paragraph 42 of the Counterclaim.

43. Defendants-in-Counterclaim deny the allegations contained in Paragraph 43 of the Counterclaim.

44. In responding to Paragraph 44 of the Counterclaim, Defendants-in-Counterclaim state that on February 5, 2004, Biscotti submitted an e-mail resignation to Lamoureux. Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 44 of the Counterclaim.

45. In responding to Paragraph 45 of the Counterclaim, Defendants-in-Counterclaim state that Biscotti's $20,000.00 capital contribution, which was held in escrow, was returned to him upon his request. Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 45 of the Counterclaim.

46. Defendants-in-Counterclaim deny the allegations contained in Paragraph 46 of the Counterclaim.

47. Defendants-in-Counterclaim deny the allegations contained in Paragraph 47 of the Counterclaim.

48. Defendants-in-Counterclaim deny the allegations contained in Paragraph 48 of the Counterclaim.

## COUNTERCLAIMS

### Count I - Deceit

49. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 48 of the Counterclaim.

{14154\69301\A0088148.1}

50. Defendants-in-Counterclaim deny the allegations contained in Paragraph 50 of the Counterclaim.

51. Defendants-in-Counterclaim deny the allegations contained in Paragraph 51 of the Counterclaim.

52. Defendants-in-Counterclaim deny the allegations contained in Paragraph 52 of the Counterclaim.

53. Defendants-in-Counterclaim deny the allegations contained in Paragraph 53 of the Counterclaim.

54. Defendants-in-Counterclaim deny the allegations contained in Paragraph 54 of the Counterclaim.

### Count II - Breach of Contract

55. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 54 of the Counterclaim.

56. Defendants-in-Counterclaim deny the allegations contained in Paragraph 56 of the Counterclaim.

57. Defendants-in-Counterclaim deny the allegations contained in Paragraph 57 of the Counterclaim.

58. Defendants-in-Counterclaim deny the allegations contained in Paragraph 58 of the Counterclaim.

59. Defendants-in-Counterclaim deny the allegations contained in Paragraph 59 of the Counterclaim.

{14154\69301\A0088148.1}

## Count III - Promissory Estoppel

60. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 59 of the Counterclaim.

61. Defendants-in-Counterclaim deny the allegations contained in Paragraph 61 of the Counterclaim.

62. Defendants-in-Counterclaim deny the allegations contained in Paragraph 62 of the Counterclaim.

63. Defendants-in-Counterclaim deny the allegations contained in Paragraph 63 of the Counterclaim.

64. Defendants-in-Counterclaim deny the allegations contained in Paragraph 64 of the Counterclaim.

65. Defendants-in-Counterclaim deny the allegations contained in Paragraph 65 of the Counterclaim.

## Count IV - Violation of Mass. Gen. L. ch. 149, §§148 and 150

66. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 65 of the Counterclaim.

67. Paragraph 67 of the Counterclaim states a legal conclusion to which no response is required.

68. Defendants-in-Counterclaim deny the allegations contained in Paragraph 68 of the Counterclaim.

69. Defendants-in-Counterclaim deny the allegations contained in Paragraph 69 of the Counterclaim.

### Count V - Unjust Enrichment

70. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 69 of the Counterclaim.

71. Defendants-in-Counterclaim deny the allegations contained in Paragraph 71 of the Counterclaim.

72. Defendants-in-Counterclaim deny the allegations contained in Paragraph 72 of the Counterclaim.

73. Defendants-in-Counterclaim deny the allegations contained in Paragraph 73 of the Counterclaim.

74. Defendants-in-Counterclaim deny the allegations contained in Paragraph 74 of the Counterclaim.

75. Defendants-in-Counterclaim deny the allegations contained in Paragraph 75 of the Counterclaim.

### Count VI - Tortious Interference with Advantageous Business Relations

76. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 75 of the Counterclaim.

77. Defendants-in-Counterclaim are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of the Counterclaim.

78. Defendants-in-Counterclaim deny the allegations contained in Paragraph 78 of the Counterclaim.

79. Defendants-in-Counterclaim deny the allegations contained in Paragraph 79 of the Counterclaim.

80. Defendants-in-Counterclaim deny the allegations contained in Paragraph 80 of the Counterclaim.

### Count VII - Unfair or Deceptive Acts or Practices - Mass. Gen. L. ch. 93A

81. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 80 of the Counterclaim.

82. Paragraph 82 states a legal conclusion to which no response is required.

83. Defendants-in-Counterclaim deny the allegations contained in Paragraph 83 of the Counterclaim.

84. Defendants-in-Counterclaim deny the allegations contained in Paragraph 84 of the Counterclaim.

85. Defendants-in-Counterclaim deny the allegations contained in Paragraph 85 of the Counterclaim.

### Count VIII - Declaration of Non-Infringement of 760 Patent

86. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 85 of the Counterclaim.

87. Paragraph 87 states a legal conclusion to which no response is required.

88. Defendants-in-Counterclaim admit the allegations contained in Paragraph 88 of the Counterclaim.

89. In responding to Paragraph 89 of the Counterclaim, Defendants-in-Counterclaim state that Defendants have infringed and/or are infringing the 760 Patent.

90. Defendants-in-Counterclaim deny the allegations contained in Paragraph 90 of the Counterclaim.

### Count IX - Declaration of Non-Infringement of 760 Patent

91. Defendants-in-Counterclaim hereby reallege and incorporate by reference their responses to Paragraphs 1 through 90 of the Counterclaim.

92. Paragraph 92 states a legal conclusion to which no response is required.

93. Defendants-in-Counterclaim deny the allegations contained in Paragraph 93 of the Counterclaim.

94. Defendants-in-Counterclaim deny the allegations contained in Paragraph 94 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

95. Plaintiffs-in-Counterclaim have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

96. Plaintiffs-in-Counterclaim are estopped by their own actions and omissions from obtaining any of the relief sought.

### Third Affirmative Defense

97. Plaintiffs-in-Counterclaim are barred from recovering any amount of alleged damages based on Biscotti's material breach of agreements.

### Fourth Affirmative Defense

98. Plaintiffs-in-Counterclaim are barred by the doctrine of laches from obtaining any of the equitable relief sought.

### Fifth Affirmative Defense

99. Plaintiffs-in-Counterclaim are barred by the Statute of Frauds from obtaining any of the relief sought.

### Sixth Affirmative Defense

100. Plaintiffs-in-Counterclaim have waived any right to obtain any of the relief sought from the Defendants-in-Counterclaim.

### Seventh Affirmative Defense

101. Plaintiffs-in-Counterclaim have failed to comply with the requirements of Mass. Gen. L. ch. 149, and therefore, are barred from bringing said claim against Defendants-in-Counterclaim.

### Eighth Affirmative Defense

102. At all times material hereto, Defendants-in-Counterclaim have acted reasonably and in good faith.

### Ninth Affirmative Defense

103.   Count VII of the Counterclaim should be dismissed because Plaintiffs-in-Counterclaim have not alleged any facts that support their claim that Defendants-in-Counterclaim have engaged in acts constituting unfair and/or deceptive trade practices.

### Tenth Affirmative Defense

104.   Plaintiffs-in-Counterclaim are barred from asserting the claim set forth in its Counterclaim by reason of their unclean hands.

### Request for Jury Trial

Defendants-in-Counterclaim hereby request a trial by jury on all issues so triable.

WHEREFORE, Defendants-in-Counterclaim, World Wide Medical Technologies, LLC, Advanced Care Pharmacy, Inc., Gary A. Lamoureux, and Richard A. Terwilliger, hereby request that this Court:

(a)   Dismiss the Counterclaims with prejudice;

(b)   Award Defendants-in-Counterclaim their costs and reasonable attorneys' fees incurred in defending against the Counterclaim; and

(c)   Grant such other and further relief as justice may require.

{14154\69301\A0088148.1}

Respectfully submitted,
WORLD WIDE MEDICAL
TECHNOLOGIES, LLC, ADVANCED
CARE PHARMACY, INC., GARY A.
LAMOUREUX AND RICHARD A.
TERWILLIGER
By their attorneys,


_____
George R. Moore, BBO #656102
Mark J. Sampson, BBO #552808
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 4/7/05

{14154\69301\A0088148.1}

15