UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WORLD WIDE MEDICAL ) <br> TECHNOLOGIES, LLC, ) <br> ADVANCED CARE PHARMACY, INC. ) <br> GARY A. LAMOUREAUX and ) <br> RICHARD A. TERWILLIGER, ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> ANTHONY D. BISCOTTI and ) <br> NUCLEAR CONSULTANTS GROUP, INC., ) <br> ) <br>     Defendants. ) | Docket No. 04-11619-NG |

**DEFENDANTS' MOTION FOR ADOPTION
OF THEIR PROPOSED CONFIDENTIALITY ORDER**

**INTRODUCTION**

The defendants in the above-captioned action, Anthony D. Biscotti and Nuclear Consultants Group, Inc. (the "Defendants") hereby move the Court to adopt its proposed order governing the discovery of confidential documents and information (the "Order") which is appended hereto as <u>Exhibit 1</u>.[1]  The Court (Dein, M.J.) during the course of the Rule 16 conference on September 12, 2005, ordered the parties to attempt to agree on a form of Stipulation and Order by October 3, 2005 and extended the time for reaching such agreement to October 13, 2005.  The parties have engaged in good faith negotiations over the form of Stipulation and Order and have exchanged various iterations of the same.  The parties have agreed to the form of a Stipulation and Order with the exception

---

[1] The Defendants have appended hereto as <u>Exhibit 2</u> a "redlined" version of the order which demonstrates the proposed changes to the Plaintiffs' original proposed stipulation and order.

of the last sentences of paragraphs 5, 11 and 15.  See <u>Order</u>.  The parties have been unable to reach agreement on all language of a Stipulation and Order, however, despite their best efforts.

## **ARGUMENT**

Plaintiffs in this action, World Wide Medical Technologies, LLC ("WW"), Advanced Care Pharmacy, Inc. ("AVC"), Gary Lamoureux and Richard A. Terwilliger (collectively the "Plaintiffs") have proposed a confidentiality order which will allow them to gain protection of information that may not be confidential and proprietary – the very heart of this action – thereby gaining an unfair advantage over the Defendants in this litigation and in market competition.  Should the Court adopt the Plaintiffs' proposed order (the "Plaintiff's Order") the Defendants would be ***permanently enjoined*** from utilizing or revealing ***any*** documentation or information produced and stamped "Confidential" by the Plaintiffs unless Mr. Biscotti follows time consuming and costly procedures for removal of the "Confidential" designation.

Pursuant to the Plaintiffs' proposed order, Mr. Biscotti and his fledgling company – which delivers products and services in the fight against cancer – would be required to file a motion with the Court in each instance in which the Plaintiffs improperly designated material as "Confidential".  Mr. Biscotti would bear the burden of demonstrating that the designation was erroneous.  Unless and until he files such a motion, meets such burden and obtains an order removing the designation, he will be unable to utilize any material which the Plaintiffs have designated as "Confidential".  Revealing such information would subject the Defendants to a contempt finding

*regardless of the Court's ultimate determination that the matter was improperly designated as "Confidential"*.

The Defendants' reluctance to place themselves at the mercy of the Plaintiffs in such a manner is well founded. The Defendants have steadfastly maintained that the Plaintiffs are using this litigation to unfairly smother the Defendants' legitimate competitive activities. The record certainly supports the Defendants' position. The Plaintiffs first brought legal action against Mr. Biscotti in Middlesex (Massachusetts) Superior Court in June, 2004 (the "Massachusetts Action"). The Plaintiffs' allegations in the Massachusetts Action were substantially the same as those alleged in the instant action, with the exception of the patent infringement claims. The Plaintiffs sought injunctive relief from the court in the Massachusetts Action but, after a hearing on their motion for injunctive relief – during which the court expressed skepticism regarding the Plaintiffs' claims – the Plaintiffs withdrew their motion and dismissed their Complaint. Several weeks later, the Plaintiffs filed a Complaint in this action, adding the patent infringement claims. The Court denied the Plaintiffs' Motion for Injunctive Relief. The Court also denied the Plaintiffs' Emergency Motion for Preservation of Evidence.

As is evident, the Plaintiffs have a history of utilizing litigation to gain an unfair advantage over the Defendants. Their proposed order governing the confidentiality of discovery is consistent with the Plaintiffs' history. Their proposed order provides them with the maximum amount of protection through a simple "Confidential" stamp while placing exceptionally large roadblocks to removing any improper designation. *This would allow them to impede the Defendants from utilizing or revealing designated matter that may be in the public domain and that the Defendants may utilize or reveal*

***in the ordinary course of business.***  The Plaintiffs' proposed order also conflicts with the Court's advice, when apprised of the Defendants' concerns, that any Order should provide that Mr. Biscotti may continue to utilize such matter at the risk that such matter is truly confidential and proprietary.  This is precisely as the Defendants' Proposed Order provides.

The Order provides all of the protections sought by the Plaintiffs but provides that "no party shall be held in contempt or to otherwise be in violation of this Stipulation and Order for disclosing information that is held not to be confidential and proprietary but has been designated as Confidential Information."  Order ¶¶ 5, 11 and 15.  The Defendants shall still be required to serve notice upon the Plaintiffs that they object to a designation.  Order ¶ 11.  The Defendants, rather than being required to file a motion with the Court in each instance in which they believe the Plaintiffs improperly designated matter as "Confidential", may, in the alternative, continue to utilize such matter in the ordinary course of business "at their own risk."  The Plaintiffs would be free to seek a protective order and/or sanctions against the Defendants for any improper use.  If the material or information was never confidential, however, the Defendants will not suffer the penalties of contempt.

## **CONCLUSION**

For the foregoing reasons, the Defendants Motion for Adoption of their Proposed Confidentiality Order should be allowed.

Respectfully Submitted,

ANTHONY D. BISCOTTI and
NUCLEAR CONSULTANTS
GROUP, INC.

By their attorneys,


/S/  John F. Tocci
John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, P.C.
35 India Street, 5th Floor
Boston, MA  02110
(617) 542-6200

Dated: October 13, 2005