UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORLD WIDE MEDICAL
TECHNOLOGIES, LLC, ADVANCED
CARE PHARMACY, INC., GARY A.
LAMOUREUX AND RICHARD A.
TERWILLIGER
    Plaintiffs,

v.

ANTHONY D. BISCOTTI AND
NUCLEAR CONSULTANTS GROUP,
INC.
    Defendants.

**ORDER GOVERNING THE PRODUCTION AND DISCLOSURE
OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

    WHEREAS Plaintiffs, World Wide Medical Technologies, LLC ("World Wide") and Advanced Care Pharmacy, Inc. ("ACP"), and Gary A. Lamoureux ("Lamoureux"), and Richard A. Terwilliger ("Terwilliger") (collectively, the "Plaintiffs"), commenced the above-captioned action against Defendants, Nuclear Consultants Group, Inc. ("NCG") and Anthony D. Biscotti ("Biscotti") (collectively, the "Defendants") by Complaint for Patent Infringement, Breach of Non-Disclosure Agreement, and Theft of Trade Secrets filed on or about July 20, 2004 (the "Action");

    WHEREAS, the Defendants have asserted various counterclaims against the Plaintiffs for, among other things, Deceit, Breach of Contract and Interference with Contractual and/or Advantageous Business Relations;

    WHEREAS, in the parties will serve each other with various documents and discovery requests, including notices of deposition;

WHEREAS, the parties' responses to the discovery requests in this Action may involve the production and disclosure by the parties of confidential and proprietary business and financial documents and information;

WHEREAS, the parties have mutually agreed to produce and disclose to each other such confidential and proprietary business and financial documents and information in contemplation of, and in reliance on, the execution of this Order; and

IT IS HEREBY ORDERED that the following procedures shall govern the production, disclosure, and use of all confidential documents and information produced in discovery in the Action:

1.  Any party or non-party producing documents shall have the right to designate as "Confidential" any information that it in good faith believes falls within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Confidential Information"). A party or non-party designating information as "Confidential" shall be referred to as a "Designating Party."

2.  (a) Documents produced during the discovery process may be designated as Confidential Information by stamping each page containing Confidential Information with the legend "Confidential" at the time of such production. In the case of video or audiocassette tapes produced during the discovery process, such materials may be designated as Confidential Information by placing the legend "Confidential" on such materials at the time of production.

(b) Deposition testimony may be designated as Confidential Information either (i) at the deposition, by making a statement on the record for inclusion in the deposition transcript, or (ii) on or before thirty (30) calendar days after receipt of the transcript, by stamping the legend "Confidential" on the transcript of the deposition and informing all

counsel in writing of such designation. Until the expiration of such thirty (30) day period with respect to any deposition transcript, all deposition testimony and transcript, and any information contained therein, or exhibits thereto, shall be deemed to be Confidential Information and treated as if so designated.

(c) When Confidential Information is designated in a deposition transcript, the Designating Party shall instruct the reporter to add these legends: (i) on the first page of the transcript, "This transcript contains Confidential Information" and (ii) on each page containing Confidential Information, "Confidential."

(d) If all or part of a videotaped deposition is designated as Confidential Information, the videocassette or other videotape container shall be labeled with the legend "Confidential."

(e) The Designating Party may exclude from the deposition room persons other than "Qualified Persons" as that term is defined in paragraph 6 below, but only for that portion of the deposition that is designated as "Confidential."

3.    In the event that material stored or recorded in the form of electronic or magnetic media ("Computerized Material"), including but not limited to information databases, or programs stored on computers, disks, networks or tapes; is produced by any party or non-party in electronic or magnetic form, the producing party or non-party may designate the Computerized Material as Confidential Information by cover letter referring generally to such material. Whenever any person to whom Computerized Material is produced or disclosed reduces such material to hard-copy form (as, for example, by printing it to paper), such person shall mark each page of the hard copy with the legend "Confidential."

4. A document inadvertently or mistakenly produced without a Confidential Information designation subsequently may be designated as Confidential Information by the producing party or non-party pursuant to the terms of paragraphs 2 and 3 above. In each such instance, the Designating Party shall provide to the party or parties to whom the document previously was produced or disclosed written notice of the designation and a copy of the document marked in accordance with paragraph 2 above. No person shall be liable for unauthorized disclosure of a document (other than a deposition transcript disclosed prior to the 30 day period set forth in paragraph 2 (b) above) designated pursuant to this paragraph as Confidential Information if the disclosure at issue occurred prior to receipt of written notice of the document's designation as Confidential Information.

5. Confidential Information may only be disclosed to or discussed with "Qualified Persons," as that term is defined below, and used only in connection with the Action, and for no other purpose. All Qualified Persons receiving Confidential Information shall be bound by the terms of this Confidentiality Stipulation, and are permanently enjoined from disclosing such Confidential Information in any name to any person other than as permitted by this Confidentiality Stipulation. Notwithstanding the foregoing, no party shall be held in contempt or otherwise be in violation of this Order for disclosing information that has been designated by a party as Confidential Information but which this Court determines not to be confidential and proprietary.

6. For the purpose of this Confidentiality Stipulation, the term "Qualified Persons" is defined to mean: (a) the Court (and any appellate court), including court personnel, jurors and alternate jurors; (b) court reporters; (c) in-house and outside counsel to the named parties to the Action, associate attorneys; paralegal, clerical, secretarial and other staff employed by such counsel who such counsel shall determine has a need to have access to such information; (d) outside

experts, advisors or consultants retained by in-house and outside counsel in the Action; and (e) the named parties.

7. All Qualified Persons who received Confidential Information pursuant to this Confidentiality Stipulation shall safeguard such information so as to avoid any disclosure of that information, except as provided in this Confidentiality Stipulation.

8. Notwithstanding anything to the contrary herein, any party may use without restriction its or his own documents.

9. Prior to any disclosure of Confidential Information to any Qualified Person other than those Qualified Persons defined in paragraphs 6(a), 6(b), 6(c), 6(d), 6(e), counsel for the party proposing to make such disclosure shall ensure that a copy of this Confidentiality Stipulation has been delivered to such person and shall require that person to read and agree to be bound by this Confidentiality Stipulation by endorsing a certification that states as follows: I certify that I have received and read a copy of the Confidentiality Stipulation in <u>World Wide Medical Technologies, LLC, et al v. Anthony D. Biscotti, et al</u>. I agree to be bound by the Confidentiality Order and understand that I may be subject to contempt proceedings in the United States District Court for the District of Massachusetts if I violate the Confidentiality Stipulation. I further understand that information and documents designated as "Confidential" in this case, and any notes, memoranda, or other form or information derived from such Confidential Information may not be used or copied by me except in strict accordance with the Confidentiality Order and then only for the prosecution or defense of this litigation, and may not be disclosed to or discussed with anyone else.

10. Except upon further Order of the Court, no information designated Confidential shall be filed with any court, or disclosed in any pleading, motions, depositions, or other documents placed in the record of the Action, unless the materials containing such information are filed under

seal with the legend "Confidential--Subject to Court Order", or in the alternative, materials containing Confidential Information may be filed with the Court or otherwise disclosed in pleadings, motions, depositions or, other documents if the Confidential Information has first been redacted.

11.  Any party (the "Objecting Party") to the Action to whom Confidential Information has been produced may object at any time to the "Confidential" designation. The objection shall be made in writing to counsel for the Designating Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days of receipt of the objection, the Objecting Party may within ten (10) business days of receipt of the objection move the Court to change the "Confidential" designation. In the event of such motion, all materials whose designation is so objected to shall continue to be treated as Confidential Information until the Court rules to the contrary.  Nothing herein is intended to alter the requirements for a protective order as they otherwise exist under Fed. R. Civ. P. 26 (c). No party to the Action shall be deemed, by treating information as Confidential Information, to have conceded that the information actually is Confidential Information. Notwithstanding the foregoing, no party shall be held in contempt or otherwise be in violation of this Order for disclosing information that has been designated by a party as Confidential Information but which this Court determines not to be confidential and proprietary.

12.  If any party (the "Subpoenaed Party") is served with a lawful subpoena or document request or any other compulsory legal process by a person not a party to this action (the "Subpoenaing Party") seeking information or material that was produced or designated as Confidential Information by someone other than the Subpoenaed Party, the Subpoenaed Party shall immediately give written notice by hand delivery or facsimile transmission to the Designating

Party. Notice shall include a copy of the subpoena, document request or other compulsory legal process. The Subpoenaed Party shall also give prompt written notice, by hand delivery or facsimile transmission, within ten (10) days of receipt of the subpoena, document request or other compulsory legal process to the Subpoenaing Party that the information or material sought is protected by this Confidentiality Stipulation. Notice shall include the identity of the Designating Party. It shall be the obligation of the Designating Party to move for any protective order to prevent information from being provided to the Subpoenaing Party, and the Subpoenaed Party shall not produce the Confidential Information to the Subpoenaing Party until the Court to whom the Designating Party's motion for a protective order is addressed has ruled on the motion. Nothing herein shall be construed as requiring the Subpoenaed Party or anyone else subject to the terms of this Confidentiality Stipulation to challenge or appeal any order requiring production of Confidential Information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

13. The provisions and terms of this Confidentiality Stipulation shall, absent written permission of the Designating Party or further Order of the Court, continue to be binding throughout the action, including appeals, and after the conclusion of the action. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals, counsel for Plaintiffs and counsel for Defendants shall collect all Confidential Information that was produced respectively to that counsel in this action, including without limitation all information which counsel provided to consultants, experts, or other persons, and shall destroy all such Confidential Information.

14. Nothing contained in this Confidentiality Stipulation shall: (a) limit the right of each party to disclose its own Confidential Information, such disclosure not being subject to the

protection procedures set forth in this Confidentiality Stipulation and which shall not result in waiving the claimed confidentiality (except to the extent the disclosure makes such Confidential Information a matter of public record); and (b) limit, expand or restrict any right of any party to seek, resist, or compel discovery, or the right of any party to seek additional protection pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure.

15. Notwithstanding the foregoing, any party is entitled to use Confidential Information during the trial of this Action in a manner consistent with the Federal Rules of Civil Procedure, subject to reasonable objections by the party which produced the Confidential Information. No party shall be held in contempt or otherwise be in violation of this Order for disclosing information that has been designated by a party as Confidential Information but which this Court determines not to be confidential and proprietary.

16. The foregoing is without prejudice to the right of any party hereto to apply to the Court for a further protective order relating to any Confidential Information or for an order permitting disclosure of Confidential Information other than as provided herein. The provisions hereof may also be modified on the Court's own motion.

17. In the event any person shall violate or threaten to violate any of the terms hereof, the aggrieved party may seek any appropriate remedy from the Court, and no party hereto shall raise as a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

18. Any non-party producing documents or information in connection with this Action may avail itself of the protections of this Confidentiality Stipulation by notifying counsel for all parties in writing.

19. To the extent that any Confidential Information of either party is disclosed in discovery prior to the entry of this Order by the Court, the parties agree that this agreement shall be binding upon execution by counsel for all parties.

## **LIMITATIONS**

20. The persons and exhibits identified in Paragraph 6 (a) herein are not bound by this Order, but are subject to whatever limitations are generally imposed on them by applicable law, Court rules, and ethical requirements as to their use or dissemination of information received by them in the conduct of their official business.

21. This Order does not in itself permit or require the filing of any document under seal or impoundment of any document, nor does it in any way affect public access to any document that may be filed by the Court. If and when the parties seek to file material with the Court under seal, or to have any material filed impounded, or otherwise to limit public access to any material filed with the Court, they must seek appropriate court orders in reference to the particular material in issue.

SO ORDERED.

_____
Dein, M.J.