UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WORLD WIDE MEDICAL TECHNOLOGIES, LLC, ADVANCED CARE PHARMACY, INC. GARY A. LAMOUREUX and RICHARD A. TERWILLIGER,<br><br>    Plaintiffs,<br>v.<br><br>ANTHONY D. BISCOTTI and NUCLEAR CONSULTANTS GROUP, INC.,<br><br>    Defendants. | Docket No. 04-11619-NG |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' PATENT CLAIMS

Defendants in the above-captioned matter, Anthony D. Biscotti and Nuclear Consultants Group, Inc. (the "Defendants") hereby move this Court to dismiss Count 1 of the Complaint of the Plaintiffs in this action, World Wide Medical Technologies, LLC ("WW"), Advanced Care Pharmacy, Inc. ("ACP"), Gary Lamoureux and Richard A. Terwilliger (collectively the "Plaintiffs").[1] As reasons therefore, and as fully set forth in the Defendants' memorandum in support of this motion filed herewith, the Defendants state that the Plaintiffs have failed and/or refused to join a necessary party to this action, Ideamatrix, Inc. ("Ideamatrix") a Colorado corporation. Additionally, the Plaintiffs have failed to allege with the required degree of specificity that the Defendants have infringed on the so-called "760 Patent" and failed to conduct any patent infringement analysis prior to filing suit as required by law.

---

[1] The Defendants initially filed a motion to dismiss and for Rule 11 Sanctions in a single pleading seeking both the dismissal and imposition of Rule 11 Sanctions. Plaintiffs' counsel brought to the Defendants' attention the fact that the initial pleading did not comply with Federal Rule of Civil Procedure 11(C)(1)(A) requiring a separate pleading for a Motion for Rule 11 sanctions as well as particular service and filing requirements. The Defendants subsequently withdrew their original motion to dismiss and for Rule 11 sanctions and now file a motion to dismiss and memorandum in support of motion to dismiss independent from their Motion for Rule 11 Sanctions.

The jurisdiction of this Court is completely dependent upon the patent claim and the Court should therefore remand this matter to the Massachusetts Superior Court, where two of the Plaintiffs originally initiated the action.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in the Defendants memorandum in support of this motion, the Defendants' Motion to Dismiss Plaintiffs' Patent Claims should be allowed.

Respectfully Submitted,

ANTHONY D. BISCOTTI and
NUCLEAR CONSULTANTS
GROUP, INC.

By their attorneys,

　　　/S/　　John F. Tocci
John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, P.C.
35 India Street, 5th Floor
Boston, MA  02110
(617) 542-6000

Dated: December 12, 2005