UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLD WIDE MEDICAL TECHNOLOGIES, LLC, ADVANCED CARE PHARMACY, INC., GARY A. LAMOUREUX, AND RICHARD A. TERWILLIGER, <br>      Plaintiffs, <br><br> v. <br><br> ANTHONY D. BISCOTTI AND NUCLEAR CONSULTANTS GROUP, INC. <br>      Defendants. | CIVIL ACTION NO.: 04-11619-NG |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS PATENT CLAIMS**

Plaintiffs, World Wide Medical Technologies, LLC ("World Wide"), Advanced Care Pharmacy, Inc. ("ACP"), Gary A. Lamoureux ("Lamoureux"), and Richard A. Terwilliger ("Terwilliger"), by and through their undersigned counsel, Devine, Millimet & Branch, P.A., hereby oppose the motion of Defendants, Anthony D. Biscotti ("Biscotti") and Nuclear Consultants Group, Inc. ("NCG"), to dismiss Count I of Plaintiffs' Complaint:

**Preliminary Statement**

On July 20, 2004, Plaintiffs commenced this action based upon patent infringement, breach of an express non-disclosure agreement, misappropriation of trade secrets, fraud, international interference with customers, and unfair and deceptive business practices. On February 11, 2005, Defendants, Biscotti and his company, NCG, filed an Answer and Counterclaim.

Following the receipt of Defendants' Answer, Plaintiffs commenced discovery and propounded interrogatories and document requests. Before responding to the discovery requests, Defendants filed a motion to dismiss Plaintiffs' patent claim (Count I), primarily on the grounds that Plaintiffs have "failed and/or refused to join a necessary party to this action, IdeaMatrix, Inc." Specifically, Defendants allege that they "recently learned that the Plaintiff, Richard A. Terwilliger, assigned all of his rights to the '760 Patent' to IdeaMatrix nearly two years ago." (Defendants' Memo, p.1). As a result, Defendants seek to dismiss the patent claim based on IdeaMatrix's absence from this action.

As set forth below, Defendants' motion is misplaced. First, although not referenced in their motion, Defendants seek to dismiss the patent claim pursuant to Fed. R. Civ. P. 12(b)(7) – failure to join a party under Rule 19. A court will grant such relief only if it determines that joinder would destroy jurisdiction and the non-joined party is necessary and indispensable. See Biagro Western Sales, Inc. v. Helena Chemical Co., 160 F. Supp.2d 1136 (E.D. Cal. 2001); Radionics, Inc. v. Elekta Instr. AB, 1994 WL 175028 (D. Mass. 1994). Here, joinder of IdeaMatrix would not destroy jurisdiction, as it rests upon claims brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§154 and 271 et seq.

Second, Defendants bear the burden of proving that IdeaMatrix is indispensable, and must produce evidence in support thereof. Biagro, 160 F. Supp.2d at 1141, (citing Citizen Band v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994)). However, Defendants' motion is devoid of any such analysis or evidence. Rather, Defendants contend that the patent claim should be dismissed simply because IdeaMatrix is a "necessary" party.

{14154\69301\A0106099.1}

2

Third, under Rule 19(a), even if this Court determines that IdeaMatrix is a "necessary" party, it may order that IdeaMatrix be joined as an involuntary plaintiff if joinder is feasible. Howes v. Medical Components, Inc., 698 F. Supp. 574, 577 (E.D. Pa. 1988). In this case, joinder of IdeaMatrix is feasible due to the fact that it is subject to service of process and its joinder will not deprive this Court of jurisdiction over the subject matter of this case.

Fourth, if joinder is not feasible, this Court must consider whether IdeaMatrix is an "indispensable" party under Rule 19(b). Id. at 578. However, consideration of the four 19(b) factors lean heavily towards a finding that IdeaMatrix is not indispensable. Moreover, and as stated in Howes, "the adoption of the 1966 amendments to Rule 19 'makes inappropriate any contention that patent co-owners are per se indispensable in infringement suits.'" Id. (citations omitted).

## **Argument**

Defendants contend that this Court should dismiss the patent claim on the grounds that Plaintiffs have "failed and/or refused to join a necessary party to this action, IdeaMatrix." Defendants allege that they "recently learned that the Plaintiff, Richard A. Terwilliger, assigned all of his rights to the '760 Patent to Idea Matrix nearly two (2) years ago." (Defendants' Memo, p. 1). However, and contrary to Defendants' position, dismissal is not mandated even if IdeaMatrix is determined to be a "necessary" party. Rather, under Fed. R. Civ. P. 19, this Court must perform a two-step analysis to determine whether this action, in "equity and good conscience," can proceed without IdeaMatrix. Biagro, 106 F. Supp. 2d at 1142.

{14154\69301\A0106099.1}

Rule 19 mandates the joinder of a party whose joinder will not deprive the court of jurisdiction if "complete relief cannot be accorded among those already parties," or if a decision in the case may make "persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations." Radionics, 1994 WL 175028. Defendants assert that IdeaMatrix, "as assignee and co-owner of the '760 Patent, is a necessary party to this action because, in its absence, complete relief cannot be accorded among the existing parties." (Defendants' Memo, p. 6). To the extent that IdeaMatrix is deemed to be a "necessary" party, Rule 19(a) specifically provides that this Court "shall order that the person be made a party."

Should IdeaMatrix refuse to join, this Court may make IdeaMatrix an involuntary plaintiff.[1] As set forth in Plaintiffs' Motion to Amend Complaint, IdeaMatrix is subject to service of process and its joinder will not deprive this Court of jurisdiction over the subject matter of this action. On the other hand, if this Court were to dismiss the patent claim in Count I, it would divest this Court of subject matter jurisdiction.

In Lear Siegler, Inc. v. Armament Systems, Inc., 909 F.2d 1459 (Fed. Cir. 1990), the court considered whether a party, who purportedly possessed the right to sue for infringement of certain patents, should have been joined as a party under Rule 19. Initially, the court noted that the absent party first consented to joinder, and then withdrew its consent. The court stated that "[a] decision on involuntary joinder, or joinder that is opposed by a party, is 'guided by pragmatic considerations, which turn on the particular facts of [the] case.'" Id. (citing Lopez v. Arrasas, 606 F.2d 347, 353 (1st

---

[1] By separate motion, Plaintiffs have filed a Motion to Amend the Complaint to Join IdeaMatrix as a Plaintiff.

Cir. 1979)). Based on the fact that the absent party had an interest in the subject matter of the action, and was subject to service of process in Massachusetts, the court held that it should be joined to determine who owned the disputed patent. Similarly, in Zenith Electronics Corp. v. Exzec, 876 F. Supp. 175 (N.D. Ill. 1995), a case relied upon by Defendants, the court construed Rule 19 and determined that the absent party, like IdeaMatrix, should be joined under 19(a) since it was necessary and subject to service of process.

If the Court determines that IdeaMatrix is a necessary party, but that it is not feasible to be joined, then this Court must apply the "indispensable party" test outlined in Rule 19(b). In re Cambridge Biotech Corp., 186 F.3d 1356, 1372 (Fed. Cir. 1999); Howes, 698 F. Supp at 578. Despite bearing the burden of proof, and producing no evidence in support of their motion to dismiss for failure to join an "indispensable" party, Defendants failed to even address Rule 19(b). For this reason alone, their motion should be denied.

Rule 19(b) contains four factors to be considered in determining whether an action may proceed in the absence of a party who would have been joined under Rule 19(a) if feasible: (1) prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether Plaintiffs will have an adequate remedy if Defendants' motion to dismiss for non-joinder is granted. Fed. R. Civ. P. 19(b).

"[T]he court weighs (these) four factors or "interests"… to determine whether, in equity and good conscience, the court should proceed without a party whose absence is

{14154\69301\A0106099.1}

5

compelled." Cambridge Biotech, 186 F.3d at 1372.  Significantly, "[t]hese factors…are not mutually exclusive, nor are they the only considerations that may be taken into account." Id. (citation omitted).  The test is flexible – "whether a particular party will be deemed 'indispensable' will depend heavily on the circumstances of each case. Id. The First Circuit has observed that in applying Rule 19, a court must take into account that the purpose of the Rule is to obtain a practical objective, which is to "involve as many apparently concerned persons as is compatible with efficiency and due process. Id. (quoting Pujol v. Shearson/Am. Express, Inc., 877 F.2d, 132, 135 (1st Cir. 1989)).

In Howes, 698 F. Supp. at 574, the defendants moved to dismiss a complaint for patent infringement for failure to join an indispensable party.  There, one of the plaintiffs, who purportedly held an interest in the patent, assigned an "undivided half interest in her rights" to a law firm that was representing her in other litigation related to ownership of the patent rights.  Defendants, like Biscotti and NCG, argued that all co-owners of a patent must be joined in order for a patent infringement suit to proceed, and that plaintiffs' failure to join the law firm constituted both a jurisdictional defect and a violation of Fed. R. Civ. P. 19. Id. at 576.  The court rejected defendant's contention.  Initially, the court observed that "the adoption of the 1966 amendments to Rule 19 'makes inappropriate any contention that patent co-owners are per se indispensable in infringement suits.'" Id. (citing Catanzaro v. Int'l Tel. and Tel. Corp., 378 F. Supp.203 (E.D. Pa. 1974)).  The court then proceeded to apply the two-step analysis under Rule 19.

Applying the first step under 19(a), the court found that while the law firm was a "necessary" party, it was not subject to service of process; therefore, joinder was not feasible.  The court next considered whether the law firm was an "indispensable" party

{14154\69301\A0106099.1}

6

under Rule 19(b).  After consideration of the four factors, the court held that the law firm was not indispensable.  Specifically, the court acknowledged that the law firm was aware of the litigation and did not consider itself prejudiced by its absence.  The court also noted that plaintiffs had demonstrated that they can adequately protect the interests of absent patent owners.  Lastly, the court found that plaintiffs would not have an adequate remedy since the effect of dismissing the action would deprive them of a forum for their patent claim.

The cases upon which Defendants principally rely, Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456 (Fed. Cir.), cert. denied, 525 U.S. 923 (1998) and Schering Corp. V. Roussell-UCLAF SA, 104 F.3d 341 (Fed. Cir. 1997), are readily distinguishable from the present case.  Significantly, in neither case was the court asked to consider whether the absent plaintiff was necessary and indispensable under Rule 19.  Consideration of the 19(b) factors, along with the Rule's practical objective, compels a finding that IdeaMatrix is not "indispensable."  First, Defendants have not, and can not, demonstrate that any party would be prejudiced by IdeaMatrix's absence.  Indeed, Defendants are well aware that IdeaMatrix is wholly-owned and controlled by Terwilliger.  Similarly, with respect to the second factor, since there has been no demonstrated prejudice, there is no need for this Court to shape relief to lessen prejudice.  Third, Plaintiffs can secure complete relief without the joinder of IdeaMatrix.  And fourth, Plaintiffs would be left without an adequate remedy if this action is dismissed for non-joinder, since it will be unable to pursue this claim of patent infringement.  The Rule's practical objective also weighs heavily in favor of Plaintiffs.  This action currently involves as many apparently

concerned persons "as is compatible with efficiency and due process." Terwilliger, who owns and controls IdeaMatrix, is already a party.

Lastly, Defendants contend that Count I should be dismissed because Plaintiffs' have "failed to allege with the required degree of specificity that the Defendants have infringed the '760 Patent.'" Once again, Defendants' argument is misplaced. As stated above, Plaintiffs commenced this action on July 20, 2004. If Defendants were so inclined, they could have filed a motion under Fed. R. Civ. P. 12(e) for a more definite statement. However, Defendants failed to do so. Instead, they filed an Answer and Counterclaim, thereby waiving these purported defects.

## Conclusion

Plaintiffs, World Wide Medical Technologies, LLC, Advanced Care Pharmacy, Inc., Gary A. Lamoureux and Richard A. Terwilliger, hereby respectfully request this Honorable Court deny Defendants' Motion to Dismiss Plaintiffs' Patent Claim in its entirety.

Respectfully submitted,

WORLD WIDE MEDICAL
TECHNOLOGIES, LLC, ADVANCED
CARE PHARMACY, INC., GARY A.
LAMOUREUX AND RICHARD A.
TERWILLIGER,

By their Attorneys,


 /s/  George R. Moore
George R. Moore, BBO #656102
Mark J. Sampson, BBO #552808
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA  01810
(978) 475-9100


**CERTIFICATE OF SERVICE**

I, George R. Moore, hereby certify that a true copy of this document was served upon the attorney of record for each party by United States First Class Mail, postage prepaid, on February 3, 2006.

 /s/  George R. Moore
George R. Moore, BBO #656102

{14154\69301\A0106099.1}